IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

BOARD OF MAYOR AND ALDERMEN OF
THE CITY OF RIPLEY, TENNESSEE,

    PLAINTIFF,

V.                                    CASE NO. 2:23-cv-02517

MIKE ALLMAND, in his official capacity as president and CEO of Ripley Power and Light,
PHILLIP JACKSON, only in his official capacity;
EUNICE JENKINS, only in her official capacity;
KENNY PARHAM, only in his official capacity; and
MINNIE STOWE, only in her official capacity;
and RIPLEY POWER & LIGHT CO. UTILITY BOARD,

    DEFENDANTS.

---

**FIRST AMENDED COMPLAINT**

---

Comes now the City of Ripley, Tennessee, ("City"), acting through its duly elected and authorized Board of Mayor and Aldermen of the City of Ripley, Tennessee, by and through counsel of record, and, for its First Amended Complaint, would show as follows:

    I.    PARTIES, JURISDICTION AND VENUE

1. Plaintiff, the City of Ripley, Tennessee, is a municipal corporation incorporated by the Tennessee General Assembly by passage of Chapter 223, Private Acts of 1901. The current Charter of the City is contained in Chapter 128, Private Acts of 2006, as amended. Pursuant to Tenn. Code Ann. §29-14-101, the City, for purposes of this matter, is considered a "person" and, therefore, a party plaintiff. The City, pursuant to Section 6 of the Charter, is organized into departments of general government, fire, police, gas and water, electricity,

parks and recreation, and public works. Related to the cause of the actions herein is the Electric Department.

2. The Tennessee General Assembly adopted the Municipal Electric Plant Law of 1935 ("MEPL") which is currently codified at T.C.A. §§ 7-52-101, et seq. The MEPL gives municipalities the authority, and in some instances requires them, to appoint a power supervisory board.

3. Defendant, Mike Allmand, is a resident of Lauderdale County, TN. Defendant Allmand is listed on the City of Ripley website as the President and CEO of the electric department and is made a necessary party without which complete relief cannot be attained, for the limited purpose of adjudication of, and compliance with, the records issues contained in Count I.

4. Defendant, Philip Jackson, is a resident of Lauderdale County, TN.

5. Defendant, Eunice Jenkins, is a resident of Lauderdale County, TN.

6. Defendant, Kenny Parham, is a resident of Lauderdale County, TN.

7. Defendant, Minnie Stowe, is a resident of Lauderdale County, TN.

8. Defendant, Ripley Power and Light Company Utility Board ("RPL"), was created by resolution dated December 6, 1957, wherein the City utilized its authority to provide for the supervision, management, and control of such electric system, to prescribe rules and policies to govern the operation and management of the system, and to create a supervisory board, which is a local government body with members serving by appointment. Per said resolution, the City created the Ripley Power & Light utility board, which consists of three members to be appointed by the Board of Mayor and Aldermen, one of which would be a

member of the 'Board of Aldermen'. Pursuant to subsequent resolution, two (2) additional members were added. The terms of said members are for a duration of four (4) years.

## II. PREDICATE FACTS

9. In 1996, the State of Tennessee General Assembly amended the City's charter by public act, providing that department heads work and are compensated, at the will and pleasure of the Board of Mayor and Aldermen. As a matter of law, this act superseded local resolution and removed any of RPL's authority to appoint the superintendent of the electric company.

10. In April of 2012, the Tennessee General Assembly amended Tennessee Code Annotated Title 7, Chapter 52 with Public Chapter 748 to permit five year contracts, which states in pertinent part: "This subsection *shall only apply where, by private act or general law, the board or supervisory body having responsibility for the municipal electric system or governmental utility system is directly responsible for making decisions regarding the employment of the superintendent* [emphasis added], general manager, or chief executive officer of the electric plant."

11. Defendant Allmand is subject to the provisions of the City's Charter, making him an at-will employee of the Board of Mayor and Aldermen, and not the supervisory body.

12. The other named Defendants are members of RPL, but omitted from the named Defendants is Austin Thompson, who serves on the supervisory board but is a member of the Board of Mayor and Aldermen, as Plaintiff, and has officially voted to demand the records of the utility that have not yet been received or produced.

13. The City retained the authority to remove RPL members, for cause, and to access the additional administrative records of the supervisory board.

14. No ownership interest in RPL, the electric company, or its assets, including its *records*, was conveyed to RPL, and removed from the City of Ripley Board of Mayor and Aldermen.

15. Upon information and belief, in January 2022, Allmand and RPL appeared before the City's Board of Mayor and Aldermen, requesting the Board to vote to amend one of the private acts of the City which would result in an expansion of the authority of RPL within the City's Charter. The reason provided was the need to "eliminate confusion", but no specifics were cited.

16. As a direct result of the request, Plaintiff began to review related matters and request documents related to the proposed amendment. The review expanded in recent months to include acts of and payments made by RPL to Defendant Allmand.

17. Related to the ongoing review are the actions of RPL, whether or not Allmand is retired or receiving retirement pay, but a full review is unable to be conducted. Records have not been fully provided by RPL to the Plaintiff. A full review would require a complete review of all related documents, which documents are owned by the City, as is the electric company. Without a full review, Plaintiff is unable to know about all actions taken and if any have violated any charter provision, statute, or other relevant policy, procedure, rule or regulation.

18. Allmand, in his capacity as "President and CEO", and RPL have taken the position that the Plaintiff is not entitled to review the records of the electric department, in contravention of the Charter and state law.

19. The legal authority of the Plaintiff and the legal relationship between the Plaintiff and Defendants is established by private act and resolution.

20. Neither Defendant Allmand's at-will employment position, nor the conveyed authority of RPL as a board appointed by the Plaintiff, override the Plaintiff's status as owner of the electric company, owner of the records contained therein or related thereto, and access to the records of RPL.

21. The declaratory action sought by Plaintiff is the Plaintiff's right to the review of, production by RPL, and unimpeded access to, Plaintiff's records, including those of RPL, along with any related actions that may result after a review of the records.

## CITY RECORDS

22. On or about March 13, 2023, the Ripley City Attorney requested specific records from Defendant Allmand in his official capacity, RPL Chairperson, Phillip Jackson, the electric company office manager, and RPL's/Allmand's attorney.

23. On or about March 14, 2023, the request was denied by RPL/Allmand.

24. On or about March 17, 2023, Ripley Mayor Craig Fitzhugh specifically authorized RPL to release the records to the Ripley City Attorney. Despite the specific authorization, the records were not produced by either RPL or Allmand.

25. On or about March 22, 2023, the Ripley City Attorney made a third demand for the records.

26. On or about March 24, 2023, RPL Chairperson, Phillip Jackson, delivered to the office of the Ripley Mayor, an incomplete production of the documents requested, along with unrequested documents.

27. The additional unrequested documents gave rise to additional concerns regarding acts of the supervisory authority including, but not limited to:

    a. The production by RPL to the City of Ripley, for the first time, an agreement from 2014 representing that it settled threatened but unfiled legal claims by Allmand for a sum in

excess of $400,000, representing a "performance bonus", attached hereto as Exhibit A;[1]

b. Written minutes of the RPL meeting for the related date, attached hereto as Exhibit B;

c. The approval document of said minutes in the following month, which contained no reference to any deliberation related to threatened legal claims or a settlement of threatened legal claims ("release agreement");

d. Documentation related to the RPL award to Allmand of that identical amount (in excess of $400,000), in April 2012. Said documentation appeared to reflect actions by RPL in 2012 to award Allmand the funds. Upon discovery after the RPL action by Plaintiff, Plaintiff threatened removal of the RPL board members and reported the actions to the Comptroller of the Treasury. As a direct result of the Comptroller's report, RPL rescinded the monies previously promised.

e. Documentation related to a confidential settlement and release agreement, which was signed by all of the members of the RPL (public, local government utility) board, which had never been provided to Plaintiff before the 2023 date listed herein.

f. A 2019 five (5)-year employment contract (i.e., independent contract arrangement) between Allmand and RPL, who, upon information and belief, is an at-will employee of Plaintiff.

28. Upon information and belief, additional information was not produced which should not be withheld from Plaintiff related to the above issues.

---

[1] The City did not know of any litigation threatened by Allmand related to a Performance Bonus. The receipt of the document referenced as Exhibit A on or about March 24, 2023 was the first notice of any such action or threatened litigation.

29. Upon delivery of the limited records, Phillip Jackson advised Mayor Fitzhugh that Allmand had previously retired as an employee of the City of Ripley in 2014.

30. Plaintiff was without knowledge of and had not been provided any documentation related to any change in Allmand's employment status, and the incomplete RPL records do not fully reflect the change; based upon the information provided by Phillip Jackson and the date of the 2019 contract, there is a good faith belief by Plaintiff that a 2014 independent contractor type contract also exists but has not been provided by RPL or Allmand.

31. Defendant Allmand's retirement from the City, and apparent subsequent employment as an independent contractor without knowledge or input from Plaintiff, may permit Defendant Allmand to withdraw retirement proceeds and simultaneously receive retirement benefit investments from the same entity, RPL.

32. On or about May 1, 2023, the Plaintiff was advised by the City Attorney that Defendants Allmand and RPL had not produced the records requested by the City. The denial of the requested records impedes Plaintiff's ability to fully review all related records to ensure transparency and accountability in local government, and any actions that may need to occur as a result.

33. On or about May 1, 2023, Plaintiff, as a body, including Alderman Austin Thompson, who sits on the RPL board, voted to file suit to obtain the records from Defendant Allmand in his official capacity as superintendent of RPL (the electric company), as well as the RPL board.

34. Prior to filing, the RPL attorney requested a list of records requested so that the records specifically could be produced. Mayor Fitzhugh indicated that the City Attorney would send the RPL attorney a list of documents needed to complete the City's review.

35. On or about May 12, 2023, the City Attorney provided a list of documents requested by Plaintiff, attached hereto as Exhibit C, which included, but were not limited to, documents related to the newly-discovered issues of an executed "release agreement"; 2019 contract; the good faith belief of a 2014 contract; documents related to Defendant Allmand's salary during the subject period; documents related to Allmand's retirement benefits, and whether both were accruing and being paid; expense accounts; monies reimbursed by City funds pursuant to said expense accounts; monies paid to, or on behalf of, RPL board members.

36. On or about May 19, 2023, the City Attorney received a response from RPL's attorney, objecting and limiting the Plaintiff's request to its original demand for documents, objecting on the basis of attorney-client privilege, and on the basis of lack of an appropriate legal request.

37. The Tennessee Public Records Act grants Tennessee citizens the right to access state, county, and municipal public records. "Public Records" are defined as "all documents, papers, letters, maps, books, photographs, microfilms, electronic data processing files and output, films, sound recordings, or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business by any governmental entity." Tenn. Code Ann. §10-7-503(a)(1)(A)(i).

38. The public has no means of requesting access to documents about which it has no knowledge of the existence of same.

39. *Sub judice*, there is no lawful provision for the withholding of records, for a confidential agreement, or for attorney client privilege separate and apart from the City.

## CAUSE OF ACTION -- DECLARATORY JUDGMENT

40. Plaintiff requests the Court to declare the rights of the parties as to the ownership of the RPL records.

41. Without this declaratory judgment action, relief will not be fully granted.

42. The parties involved in this action have a real interest in the declaration sought.

43. A judgment or decree will terminate the controversy and remove any uncertainty regarding the Plaintiff's ownership of the RPL and board's records and the Plaintiff's rights to request and have such records produced.

44. All persons who have or may have a claim or any interest in any declaration made by this Court herein have been made a party to this action.

45. Plaintiff requests declaratory judgment for the Court to declare the rights of the Parties.

46. Plaintiff files this declaratory judgment action pursuant to Tenn. Code Ann. §§ 29-14-101, et seq., and respectfully requests the Court to declare the rights of the Plaintiff, the legal relationship between the Plaintiff and RPL, as an asset of the Plaintiff, the authority for the Plaintiff to be provided RPL records, said production which is currently in dispute, and to declare the limitations of the authority of the RPL board.

47. For this cause of action, the City respectfully requests that the Court make the following declarations:

    a. That the City is the lawful owner of Ripley Power & Light Company and its assets including, but not limited to, its records;

    b. That the creation and existence of RPL and its board does not override the City's authority to exercise ownership of, and access to, its records.

c.  That no authority of Defendant Allmand overrules the City's authority to exercise ownership of, and access to, its records.

d.  That the Defendants Allmand and RPL must immediately provide the City with production and unimpeded access to any requested records despite the category.

WHEREFORE, THE PLAINTIFF PRAYS:

1. That the First Amended Complaint be served upon the Defendants by the electronic filing system;

2. That the Court declare the rights and relationship between the City and the Defendants;

3. That the Court declare the City's authority to exercise ownership of, and access to, its records;

4. That the Court adjudicate the counts of the Petition, and enter judgment in favor of Petitioner as to each and every count;

5. That the Court find that the City is the lawful owner of Ripley Power & Light Company and its assets including, but not limited to, its records;

6. That the Court find that the creation and existence of RPL and its board does not override the City's authority to exercise ownership of, and access to, its records;

7. That no authority of Defendant Allmand overrules the City's authority to exercise ownership of, and access to, its records;

8. That the Defendants Allmand and RPL must immediately provide the City with production and unimpeded access to any requested records despite the category;

9. The Plaintiff reserves the right to amend the First Amended Complaint as investigation and discovery continue;

10. For an award of attorney's fees and the expenses and costs of this action;

11. That this Court order an expedited hearing of this action, and

12. For any other or further equitable or general relief to which this Court may deem it entitled pursuant to state and federal law.

                RESPECTFULLY SUBMITTED,

                /S/ Amber Griffin Shaw

                _____
                AMBER GRIFFIN SHAW #026337
                HARRIS SHELTON HANOVER WALSH, PLLC
                114 W. LIBERTY AVENUE, #202
                COVINGTON, TN 38019
                901-476-7100
                ASHAW@HARRISSHELTON.COM

CERTIFICATE OF SERVICE

COMES NOW, the Plaintiff, and represents to the Court that all parties in the action, related countercomplaints, third party claims, and any other attorney or person of record in this matter, have been provided with a copy of the First Amended Complaint via the electronic filing system, and first class mail.

JAMES SIMPSON
SHAWN LILLIE
SIMPSON AND LILLIE, PLLC
265 N. LAMAR BLVD, SUITE D
OXFORD, MS 38655
(662) 638-3235
JIM@SIMPSONLILLIE.COM
SHAWNSIMPSONLILLIE.COM

ATTORNEYS FOR MIKE ALLMAND


HEATHER FLETCHER
ALLEN, SUMMERS AND GRESHAM, PLLC
80 MONROE AVE
SUITE 650
MEMPHIS, TN 38103
(901) 763-4200
HFLETCHER@ALLENSUMMERS.COM

ATTORNEY FOR PHILLIP JACKSON, EUNICE JENKINS,
KENNY PARHAM, AND MINNIE STOWE

KRISTIN BEREXA
FARRAR BATES BEREXA
12 CADILLAC DRIVE, SUITE 480
BRENTWOOD, TN 37027
(615) 254-3060
KBEREXA@FBB.LAW

ATTORNEY FOR COUNTER DEFENDANT AND THIRD PARTY DEFENDANT CITY OF RIPLEY

JOHN BURLESON
RAINEY KIZER REVIERE AND BELL, PLLC
209 EAST MAIN STREET
JACKSON, TN 38301
(731) 426-8114
JBURLESON@RAINEYKIZER.COM

ATTORNEY FOR MAYOR CRAIG FITZHUGH AND CITY ATTORNEY RACHEL JACKSON

/s/ Amber Griffin Shaw